PROSKAUER ROSE LLP
Sally L. Schneider
1585 Broadway
New York, New York  10036
(212) 969-3803

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

| | |
|---|---|
| TRUSTEES of the MASON TENDERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, ANNUITY FUND and TRAINING PROGRAM FUND, | 07 Civ. 6083 (PKC) |
| Plaintiffs, | |
| - against - | **COMPLAINT** |
| ROCCO ROMEO d/b/a R & R ENVIRONMENTAL, INC., ROCCO ROMEO, ROCCO ROMEO d/b/a AMERICAN GENERAL CONTRACTING, R & R ENVIRONMENTAL CONTRACTING, INC., and CLEAN AIR ENVIRONMENTAL, INC., | |
| Defendants. | |

------------------------------------------------------------------X

Plaintiffs, the Trustees of the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund (collectively, the "Funds"), by and through their attorneys, Proskauer Rose LLP, as and for their Complaint, respectfully allege as follows:

NATURE OF THE ACTION AND JURISDICTION

1.   This is a civil action brought, *inter alia*, pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145) (hereinafter referred to as "ERISA"), and section 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by the Trustees of the Funds for injunctive and other equitable relief and for breach of contract.  This Complaint alleges that by failing, refusing or neglecting to comply with specific statutory and contractual

obligations, defendants violated their collective bargaining agreements, the respective trust agreements of the Funds (the "Trusts"), the Taft-Hartley Act and ERISA.

2. Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f));

    (b) Section 301 of the Taft-Hartley Act (29 U.S.C. § 185);

    (c) 28 U.S.C. § 1331 (federal question);

    (d) 28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce); and

    (e) principals of pendent jurisdiction.

3. Venue properly lies in this district under section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)), and section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

## PARTIES

4. Plaintiffs Trustees are the trustees of jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with sections 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5), (c)(6)). The Funds are employee benefit plans within the meaning of sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (2), (3) and 1132(d)(1)), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The purpose of the Funds is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the Mason Tenders District Council of Greater New York (the "Union"). The Mason Tenders District Council Welfare Fund, as the authorized agent, also collects and remits the required contributions due to the New York State Laborers-Employers Cooperation and Education Trust Fund ("NYS-LECET"), the Greater New York Laborers-Employers Cooperation and Education Trust Fund ("GNY-LECET"), the New York State Health and Safety Trust Fund ("NYSHST") and the Industry Advancement Funds ("IAFs"), and the dues checkoffs and Political Action Committee ("PAC") contributions due to the Union. The Funds maintain their offices and are administered at 520 8th Avenue, New York, New York 10018, in the City, County and State of New York.

5. The Trustees of the Funds are fiduciaries within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132), and bring this action in their fiduciary capacity.

6. Upon information and belief, at all times material hereto, defendant Rocco Romeo d/b/a R & R Environmental, Inc. ("R&R Environmental") has been a sole proprietorship doing business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and as an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7. Defendant R&R Environmental executed a collective bargaining agreement with the Union (the "R&R Agreement"), with respect to which plaintiffs Funds are third-party beneficiaries, and R&R Environmental thereby agreed to comply with and to be bound by all of the provisions of the R&R Agreement.

8. Upon information and belief, at all times material hereto, defendant Rocco Romeo ("Romeo") has been the sole proprietor of defendant R&R Environmental, and has acted with full authority and control with respect to all obligations owed by R&R Environmental under the terms of the R&R Agreement.

9. Defendant Romeo negotiated and executed the R&R Agreement individually, as well as on behalf of R&R Environmental, and personally agreed to comply with and to be bound by all of the provisions of the R&R Agreement. As such, defendant Romeo is an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

10. Upon information and belief, at all times material hereto, defendant Rocco Romeo d/b/a American General Contracting ("American General") has been a sole proprietorship doing business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and as an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

11. Upon information and belief, at all times material hereto, defendant Romeo has been the sole proprietor of defendant American General, and has acted with full authority and control with respect to all obligations of American General.

12. Defendant Romeo executed an Affiliation letter wherein said defendant represented to the Union that American General was affiliated with R&R Environmental, and agreed to be bound by all the terms and conditions of the R&R Agreement.

13. As a result of the aforesaid Affiliation letter, R&R Environmental and American General constitute a single employer for purposes of this action, and are jointly and severally liable for all obligations under the R&R Agreement.

14. Upon information and belief, at all times material hereto, defendant R & R Environmental Contracting, Inc. ("R&R Contracting") has been a for-profit New Jersey corporation doing business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and has been an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

15. At all times material hereto, defendant Romeo has been an officer and owner of defendant R&R Contracting.

16. Upon information and belief, at all times material hereto, defendant Clean Air Environmental, Inc. ("Clean Air") has been a for-profit New Jersey corporation doing business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and has been an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

17. Defendant Clean Air executed a collective bargaining agreement with the Union (the "Clean Air Agreement", referred to collectively with the R&R Agreement as the "Agreements"), with respect to which plaintiffs Funds are third-party beneficiaries, and thereby agreed to comply with and to be bound by all of the provisions of the Clean Air Agreement.

18. Defendant Romeo is an officer and owner of defendant Clean Air. Defendant Romeo negotiated and executed the Clean Air Agreement individually, as well as on behalf of Clean Air, and personally agreed to comply with and to be bound by all of the provisions of the Clean Air Agreement. As such, defendant Romeo is an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

19.     At all times material hereto, defendant Romeo has acted with full authority and control with respect to all the obligations owed by all of the defendants under the terms of the Agreements.

## AFFILIATION OF DEFENDANTS

20.     Upon information and belief, defendant R&R Contracting is an alter ego and/or successor of defendants R&R Environmental and American General.

21.     Upon information and belief, defendant Clean Air is an alter ego and/or successor of defendants R&R Environmental, American General and R&R Contracting.

22.     Defendants R&R Environmental, American General, R&R Contracting and Clean Air have been affiliated business enterprises in that, *inter alia*, they have interrelated operations, common ownership and management, shared assets, equipment, offices, telephone and fax numbers, payroll, employees, and/or centralized control of labor relations, and all of the defendants performed work within the trade and geographic jurisdictions of the Union.

23.     Defendants R&R Environmental, American General, R&R Contracting and Clean Air therefore constitute a single employer for purposes of this action.

24.     Further, by the terms of the Agreements, any companies which perform bargaining unit work and in which any of the defendants, or any of their owners, have an ownership interest, are bound by the Agreements. The Agreements provide:

> If the Employer or any of the Employer's owners forms or acquires by purchase, merger or otherwise, an ownership interest in another company performing bargaining unit work within the jurisdiction of this Agreement, this Agreement shall cover such other company, and the employees of such other company performing bargaining unit work shall be considered an accretion to the bargaining unit * * * and the Employer and such other company shall be jointly and severally liable for each other's obligations under this Agreement.

25.     Upon information and belief, at all times material hereto, defendant Romeo has had an ownership interest in R&R Environmental, American General, R&R Contracting and Clean Air.

26.     Defendants are, therefore, all parties to the Agreements, bound by their terms, and jointly and severally liable for each other's obligations under the Agreements.

5

## THE AGREEMENTS AND TRUSTS

27.     By their terms, the Agreements, *inter alia*, personally bound defendant Romeo to assume all the obligations of the defendants under the Agreements. The Agreements provide in relevant part:

> The parties hereto have caused this Agreement to be signed this day and year by their duly authorized officers, and represent to each other that they were duly authorized to enter into this Agreement. The person signing on behalf of the Employer also agrees to be personally bound by and to assume all obligations of the Employer provided in this Agreement and said person warrants and represents that said person has authority to bind the Employer and the principals or members thereof.

28.     Pursuant to the terms of the Agreements and the Trusts, defendants R&R Environmental, American General, R&R Contracting, Clean Air and Romeo are required, *inter alia*, to:

(a)     pay monetary contributions to the Funds and to the authorized agent of the NYS-LECET, GNY-LECET, NYSHST and IAFs (the "fringe benefit contributions"), at the rates and times set forth in the Agreements, for all work performed by defendants' employees within the trade and geographic jurisdictions of the Union;

(b)     submit contribution reports to the Funds;

(c)     in the event defendants fail to timely pay fringe benefit contributions, defendants are obligated to pay interest from the date such delinquent contributions were due until the date of payment, and to pay all costs and attorneys' fees incurred by the Funds in the recovery thereof;

(d)     deduct and remit Union dues checkoffs and PAC contributions (at the rates per hour specified by the Union), from the wages paid to employees who authorize said deductions in writing, for all work performed by defendants' employees within the trade and geographic jurisdictions of the Union;

(e)     permit and cooperate with the Funds and/or their designated representatives in the conduct of audits of all books and records of defendants, including, without limitation, all payroll sheets, computer payroll printouts, daily time records, job location records, cash disbursement journals, State tax forms WRS-2, WT4A and 4B or NYS 45 (NY), and WR 30 (NJ), Federal tax forms W2, W3, 940, 941, 1096, 1099, 1120s/1120S and 1040 Schedule C, New York and New Jersey

|     |     |
| --- | --- |
|     | employment records and reports, insurance company reports, supporting checks, general ledgers, vouchers, verification of work outside the trade and/or geographic jurisdiction of the Union, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s), as well as the same records of any affiliate, subsidiary, alter ego, joint venture, successor or other related company of defendants; |
| (f) | pay the costs of the audits if defendants are substantially delinquent in the payment of fringe benefit contributions to the Funds. "Substantially delinquent" is defined as any delinquency in the payment of fringe benefit contributions in excess of 10% of the fringe benefit contributions paid to the Funds during the period covered by the audit; and |
| (g) | in the event the Funds bring an action to recover the costs of the audits, defendants are obligated to pay the reasonable costs and attorneys' fees incurred by the Funds in bringing such action. |

### REMEDIES FOR BREACH OF OBLIGATIONS TO THE FUNDS

29. Pursuant to the terms of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145), employers are required to pay fringe benefit contributions to the Funds in accordance with the terms and conditions of the Agreements.

30. Failure to make such payment or timely payment constitutes a violation of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

31. The Agreements, the Trusts and section 502 of ERISA (29 U.S.C. § 1132) all provide that, upon a finding of an employer violation as set forth above, the Funds shall be awarded the unpaid fringe benefit contributions, plus interest and liquidated damages on the unpaid and/or untimely paid fringe benefit contributions (both computed at the rate prescribed under section 6621 of Title 26 of the United States Code (26 U.S.C. § 6621)), together with reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
(CLAIM AGAINST DEFENDANTS
FOR FRINGE BENEFIT CONTRIBUTIONS)

32.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

33.     As a result of work performed pursuant to the Agreements by individual employees of the defendants, fringe benefit contributions in the amount of $49,237.35, as determined by audits of the books and records of R&R Contracting and American General covering the period June 1, 2001 through June 30, 2003, became due and owing from defendants.

34.     As a result of work performed pursuant to the Agreements by individual employees of the defendants, fringe benefit contributions in the amount of $29,251.47, as determined by an audit of the books and records of Clean Air covering the period April 8, 2004 through April 24, 2005, became due and owing from defendants.

35.     Additionally, as a result of work performed pursuant to the Agreements by individual employees of the defendants, fringe benefit contributions in the amount of at least $22,439.40, as estimated from shop steward reports for work performed during the period May 1, 2005 through April 30, 2006, became due and owing from defendants.

36.     Part of the aforesaid fringe benefit contributions contractually due has been paid by defendants, and a balance of no less than $90,827.48 remains due and owing.

37.     Defendants' failure to make full payment constitutes a violation of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

38.     Accordingly, pursuant to the Agreements, the Trusts and section 502 of ERISA (29 U.S.C. § 1132), defendants R&R Environmental, American General, R&R Contracting, Clean Air and Romeo are jointly and severally liable to plaintiff Funds for: (a) the balance of fringe benefit contributions in the amount of at least $90,827.48, plus such additional fringe benefit contributions found due and owing pursuant to an audit of the books and records of R&R Environmental, American General and R&R Contracting for the period July 1, 2003 to the date of judgment and an audit of Clean Air's books and records for the period April 25, 2005 to the date of judgment; and (b) the interest and liquidated damages on the unpaid fringe benefit contributions, together with reasonable attorneys' fees and costs incurred by the Funds.

AS AND FOR A SECOND CLAIM FOR RELIEF
(CLAIM AGAINST DEFENDANTS FOR
DUES CHECKOFFS AND PAC CONTRIBUTIONS)

39. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

40. As result of work performed pursuant to the Agreements by individual employees of defendants who authorized said deductions in writing, defendants deducted dues checkoffs and PAC contributions in the amount of $9,769.25, as determined from audits of the books and records of R&R Contracting and American General covering the period June 1, 2001 through June 30, 2003.

41. As a result of work performed pursuant to the Agreements by individual employees of the defendants, who authorized said deductions in writing, defendants deducted dues checkoffs and PAC contributions in the amount of $5,060.70, as determined by an audit of the books and records of Clean Air covering the period April 8, 2004 through April 24, 2005.

42. Additionally, as a result of work performed pursuant to the Agreements, defendants deducted dues checkoffs and PAC contributions in the amount of at least $3,392.20, as estimated from shop steward reports for work performed during the period May 1, 2005 through April 30, 2006.

43. Part of the aforesaid dues checkoffs and PAC contributions contractually due has been remitted by defendants, and a balance of no less than $16,139.19 remains due and owing.

44. Defendants' failure to remit all such deductions constitutes a violation of the Agreements.

45. Accordingly, pursuant to the Agreements and section 301 of the Taft-Hartley Act (29 U.S.C. § 185), defendants R&R Environmental, American General, R&R Contracting, Clean Air and Romeo are jointly and severally liable for: (a) the balance of dues checkoffs and PAC contributions in the amount of at least $16,139.19, plus such additional dues checkoffs and PAC contributions found due and owing pursuant to an audit of the books and records of R&R Environmental, American General and R&R Contracting for the period July 1, 2003 to the date of judgment and an audit of Clean Air's books and records for the period April 25, 2005 to the date of judgment; and (b) interest on the unremitted dues checkoffs and PAC contributions.

AS AND FOR A THIRD CLAIM FOR RELIEF
(DEMAND FOR AN ORDER DIRECTING
DEFENDANTS TO PERMIT AUDITS)

46. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

47. Pursuant to the terms of the Agreements, as set forth in paragraph 28(e) above, defendants R&R Environmental, American General, R&R Contracting, Clean Air and Romeo are required to permit and cooperate with the Funds and/or their designated representatives in the conduct of audits of their books and records.

48. As a result of defendants' aforesaid failure to make payment, the Funds have reason to believe that additional fringe benefit contributions, dues checkoffs and PAC contributions are due and owing from defendants.

49. Accordingly, pursuant to the Agreement and the Trusts, the Funds demand an order directing defendants to permit and cooperate in the conduct of an audit of the books and records of R&R Environmental, American General and R&R Contracting for the period July 1, 2003 to the date of judgment and an audit of Clean Air's books and records for the period April 25, 2005 to the date of judgment.

AS AND FOR A FOURTH CLAIM FOR RELIEF
(CLAIM AGAINST DEFENDANTS
FOR COSTS OF THE AUDITS)

50. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 49 of this Complaint, as if fully set forth herein.

51. The audits the books and records of R&R Contracting and American General covering the period June 1, 2001 through June 30, 2003 revealed that defendants are substantially delinquent, as defined in the Agreements, in the payment of fringe benefit contributions to the Funds for said period.

52. The audit the books and records of Clean Air covering the period April 8, 2004 through April 24, 2005 revealed that defendants are substantially delinquent, as defined in the Agreements, in the payment of fringe benefit contributions to the Funds for said period.

53. By virtue of defendants' substantial delinquencies, there became due and owing from defendants the amount of $2,960.28 for the costs of the R&R Contracting and American General audits covering the period June 1, 2001 through June 30, 2003 and $2,340.12 for the costs of the Clean Air audit covering the period April 8, 2004 through April 24, 2005.

54. No part of the costs of the aforesaid audits contractually due has been paid by defendants.

55. Defendants' failure to pay the costs of the aforesaid audits constitutes a violation of the Agreements and the Trusts.

56. Accordingly, pursuant to the Agreement and the Trusts, defendants R&R Environmental, American General, R&R Contracting, Clean Air and Romeo are jointly and severally liable for the costs of the aforesaid audits in the total amount of $5,300.40, plus the costs of an audit of the books and records of R&R Environmental, American General and R&R Contracting for the period July 1, 2003 to the date of judgment and an audit of Clean Air's books and records for the period April 25, 2005 to the date of judgment if such audits confirm that defendants are substantially delinquent in the payment of fringe benefit contributions for such periods, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action.

AS AND FOR A FIFTH CLAIM FOR RELIEF
(CLAIM FOR INJUNCTIVE RELIEF
AGAINST DEFENDANTS)

57. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 56 of this Complaint, as if fully set forth herein.

58. As set forth above, defendants have breached, and are currently in breach of their obligations under the Agreements and the Trusts, and have violated section 301 of the Taft-Hartley Act (29 U.S.C. § 185) and section 515 of ERISA (29 U.S.C. § 1145).

59. Defendants' prior conduct demonstrates a significant likelihood that they will continue to breach the aforementioned contractual and statutory provisions.

60. Plaintiffs will suffer immediate and irreparable injury unless defendants R&R Environmental, American General, R&R Contracting, Clean Air and Romeo, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to timely pay

and/or submit the required fringe benefit contributions and/or reports to the Funds, permit and cooperate in the conduct of audits, pay the costs of the audits, remit dues checkoffs and PAC contributions deducted from the wages paid to employees who authorize said deductions in writing, and pay all amounts determined by the audits to be due and owing, for so long as defendants remain obligated to do so pursuant to the Agreements, the Trusts and ERISA.

61.     Plaintiffs have no adequate remedy at law to insure that defendants will adhere to their continuing obligations under the Agreements, the Trusts and ERISA.

62.     Accordingly, plaintiffs request that this Court issue an injunction preliminarily and permanently enjoining defendants R&R Environmental, American General, R&R Contracting, Clean Air and Romeo, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating the terms of the Agreements and the Trusts and requiring them to timely pay and/or submit the required fringe benefit contributions and/or reports to the Funds, permit and cooperate in the conduct of audits, pay the costs of the audits, remit dues checkoffs and PAC contributions deducted from the wages paid to employees who authorize said deductions in writing, and pay all amounts determined by the audits to be due and owing, for so long as defendants remain obligated to do so pursuant to the Agreements, the Trusts and ERISA.

WHEREFORE, plaintiffs demand judgment against defendants R&R Environmental, American General, R&R Contracting, Clean Air and Romeo, jointly and severally:

    (a)     for payment of all past due fringe benefit contributions in the amount of $90,827.48, plus all additional fringe benefit contributions found due and owing pursuant to an audit of the books and records of R&R Environmental, American General and R&R Contracting for the period July 1, 2003 to the date of judgment and an audit of Clean Air's books and records for the period April 25, 2005 to the date of judgment, and which become due during the pendency of this action;

    (b)     for accrued prejudgment interest on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

    (c)     for liquidated damages on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

       (d)    for reasonable attorneys' fees and costs pursuant to § 502(g)(2) of ERISA;

       (e)    for remittance of all dues checkoffs and PAC contributions in the amount of $16,139.19, plus all additional dues checkoffs and PAC contributions found due and owing pursuant to an audit of the books and records of R&R Environmental, American General and R&R Contracting for the period July 1, 2003 to the date of judgment and an audit of Clean Air's books and records for the period April 25, 2005 to the date of judgment, and which become due during the pendency of this action, with interest;

       (f)    for an Order directing defendants to permit and cooperate in the conduct of an audit of the books and records of R&R Environmental, American General and R&R Contracting for the period July 1, 2003 to the date of judgment and an audit of Clean Air's books and records for the period April 25, 2005 to the date of judgment;

       (g)    for payment of the costs of the R&R Contracting and American General audits covering the period June 1, 2001 through June 30, 2003 and the costs of the Clean Air audit covering the period April 8, 2004 through April 24, 2005 in the total amount of $5,300.40, plus the costs of an audit of the books and records of R&R Environmental, American General and R&R Contracting for the period July 1, 2003 to the date of judgment and an audit of Clean Air's books and records for the period April 25, 2005 to the date of judgment if such audits confirm that defendants are substantially delinquent in the payment of fringe benefit contributions for such periods, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action, pursuant to the Agreements and the Trusts;

       (h)    for an Order preliminarily and permanently enjoining defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating the terms of the Agreements and the Trusts and requiring them to timely pay and/or submit the required fringe benefit contributions and/or reports to the Funds, permit and cooperate in the conduct of audits, pay the costs of the audits, remit dues checkoffs and PAC contributions deducted from the wages paid to employees who authorize said deductions in writing, and pay all amounts determined by the audits to be due and owing, for so long as defendants remain obligated to do so in accordance with ERISA, the Agreements and the Trusts; and

      (i)    for such other and further relief as the Court deems just and proper.

Dated: New York, New York
          June 27, 2007

                              PROSKAUER ROSE LLP
                              Attorneys for Plaintiffs

                              By: /s/ Sally L. Schneider
                                  Sally L. Schneider
                              1585 Broadway
                              New York, New York 10036
                              (212) 969-3803

                              sschneider@proskauer.com