EMANUELE J. DeSTEFANO, Esquire
(ED 6668)
1196 Arbutus Drive
Tobyhanna, PA 18466
(570) 894-3876

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES of the MASON TENDERS            :
DISTRICT COUNCIL WELFARE FUND,           :
PENSION FUND, ANNUITY FUND, and          :     07 Civ. 6083 (PKC)
TRAINING PROGRAM FUND,                   :
                                         :     **AMENDED ANSWER TO**
                                         :     **COMPLAINT**
                    Plaintiffs,          :
        - against -                      :
                                         :
ROCCO ROMEO d/b/a R & R ENVIRONMENTAL,   :
INC., ROCCO ROMEO, ROCCO ROMEO d/b/a     :
AMERICAN GENERAL CONTRACTING, R & R      :
ENVIRONMENTAL CONTRACTING, INC., and     :
CLEAN AIR ENVIRONMENTAL. INC.,           :
                                         :
                    Defendants.          :
------------------------------------------------------------------------X

Defendants, Rocco Romeo d/b/a R & R Environmental, Inc., Rocco Romeo, Rocco Romeo d/b/a American General Contracting, R & R Environmental Contracting, Inc., and Clean Air Environmental, Inc., by their attorney, Emanuele J. DeStefano, Esquire, answering the Complaint of the Plaintiffs, the Trustees of the Mason Tenders District Council Welfare Fund, Pension Fund, and Training Fund, allege, upon information and belief:

1. That the allegations set forth in paragraph 1 of the Complaint are statutory representations to which no responsive pleading is required, and Defendants leave the Plaintiffs to their proofs at the trial of this action. To the extent that a responsive pleading may be deemed necessary, the allegations are denied.

2. That the allegations set forth in paragraph 2 of the Complaint are statutory representations to which no responsive pleading is required, and Defendants leave the Plaintiffs to their proofs at the trial of this action.  To the extent that a responsive pleading may be deemed necessary, the allegations are denied.

3. That the allegations set forth in paragraph 3 of the Complaint are statutory representations to which no responsive pleading is required, and Defendants leave the Plaintiffs to their proofs at the trial of this action.  To the extent that a responsive pleading may be deemed necessary, the allegations are denied.

4. Defendants are without knowledge or information sufficient to form a belief with regard to the allegations set forth in paragraph 4 of the Complaint.

5. Defendants are without knowledge or information sufficient to form a belief with regard to the allegations set forth in paragraph 5 of the Complaint.

6. Defendants deny the allegations set forth in paragraph 6 of the complaint.

7. Defendants admit that R & R Environmental, Inc. entered into an agreement with the union.  With regard to the remaining averments set forth in paragraph 7 of the complaint, which are legal conclusions and statutory representations, no responsive pleading is required, and Defendants leave the plaintiffs to their proofs at the trial of this action.  To the extent that a responsive pleading may be deemed necessary, the allegations are denied.  Defendants beg leave to refer to the agreement at the trial of this action for its full content, true intent, and legal meaning.

8. Defendants deny the allegations set forth in paragraph 8 of the Complaint.

9. Defendants admit that R & R Environmental, Inc. entered into an agreement with the union.  With regard to the remaining averments set forth in paragraph 7 of the Complaint, which

are legal conclusions and statutory representations, no responsive pleading is required, and Defendants leave the Plaintiffs to their proofs at the trial of this action. To the extent that a responsive pleading may be deemed necessary, the allegations are denied. Defendants beg leave to refer to the agreement at the trial of this action for its full content, true intent, and legal meaning.

    10. Defendants deny the allegations set forth in paragraph 10 of the complaint.

    11. Defendants deny the allegations set forth in paragraph 11 of the Complaint.

    12. Defendants deny the allegations set forth in paragraph 12 of the Complaint.

    13. Defendants deny the allegations set forth in paragraphs 13 of the Complaint.

    14. Defendants admit the allegations set forth in paragraph 14 of the Complaint in so far as the corporate status of R & R Environmental Contracting, Inc. and the allegation that R & R Environmental Contracting, Inc. did business in the city and state of New York. With regard to the remaining averments set forth in paragraph 14 of the Complaint, which are legal conclusions and statutory representations, no responsive pleading is required, and Defendants leave the Plaintiffs to their proofs at the trial of this action. To the extent that a responsive pleading may be deemed necessary, the allegations are denied.

    15. Defendants deny the allegations set forth in paragraph 15 of the Complaint, except admit that Defendant Romeo was an officer and owner of the corporation.

    16. Defendants admit the allegations set forth in paragraph 16 of the Complaint in so far as the corporate status of Clean Air Environmental, Inc. and the allegation that Clean Air Environmental, Inc. did business in the city and state of New York. With regard to the remaining averments set forth in paragraph 16 of the Complaint, which are legal conclusions and statutory representations, no responsive pleading is required, and Defendants leave the Plaintiffs

to their proofs at the trial of this action. To the extent that a responsive pleading may be deemed necessary, the allegations are denied.

17. Defendants admit that Clean Air Environmental, Inc. entered into an agreement with the union. With regard to the remaining averments set forth in paragraph 17 of the Complaint, which are legal conclusions and statutory representations, no responsive pleading is required, and Defendants leave the Plaintiffs to their proofs at the trial of this action. To the extent that a responsive pleading may be deemed necessary, the allegations are denied. Defendants beg leave to refer to the agreement at the trial of this action for its full content, true intent, and legal meaning.

18. Defendants deny that allegations set forth in paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24. The allegations set forth in paragraph 24 of the complaint are legal conclusions and a representation of a portion of a written agreement, neither of which requires a responsive pleading, and Defendants leave the Plaintiffs to their proofs at the trial of this action. To the extent that a responsive pleading may be deemed necessary, the allegations are denied. Defendants beg leave to refer to the agreement at the trial of this action for its full content, true intent, and legal meaning.

25. Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27. The allegations set forth in paragraph 27 of the Complaint are denied.

28. The allegations set forth in paragraphs 28(a), 28(b), 28(c), 28(d), 28(e), 28(f), and 28(g) are denied.

29. The allegations set forth in paragraph 29 of the Complaint are conclusions of law and statutory representations and require no responsive pleading. Defendants leave Plaintiffs to their proofs at the trial of this action. To the extent that a responsive pleading may be deemed appropriate or required, Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30. The allegations set forth in paragraph 30 of the Complaint are conclusions of law and statutory representations and require no responsive pleading. Defendants leave plaintiffs to their proofs at the trial of this action. To the extent that a responsive pleading may be deemed appropriate or required, Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31. The allegations set forth in paragraph 31 of the Complaint are conclusions of law and statutory representations and require no responsive pleading. Defendants leave Plaintiffs to their proofs at the trail of this action. To the extent that a responsive pleading may be deemed appropriate or required, Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32. Defendants repeat each and every response to the allegations set forth in paragraphs 1 through 31, inclusive, of the Complaint, with the same force and effect as though set forth hereat at full length.

33. Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of the Complaint, except admit that payments have been made.

37. The allegations set forth in paragraph 37 of the Complaint are conclusions of law and statutory representations and require no responsive pleading. Defendants leave Plaintiffs to their proofs at the trail of this action. To the extent that a responsive pleading may be deemed appropriate or required, Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39. Defendants repeat each and every response to the allegations set forth in paragraphs 1 through 38, inclusive, of the Complaint, with the same force and effect as though set forth hereat at full length.

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in paragraph 43 of the complaint except admit that payments have been made.

44. The allegations set forth in paragraph 44 of the complaint are denied.

45. The allegations set forth in paragraph 45 of the Complaint are conclusions of law and statutory representations and require no responsive pleading. Defendants leave the plaintiffs to their proofs at the trial of this action. To the extent that a responsive pleading may be deemed appropriate or required, Defendants deny the allegations set forth in paragraph 37 of the Complaint.

46. Defendants repeat each and every response to the allegations set forth in paragraphs 1 through 45, inclusive, of the Complaint, with the same force and effect as though set forth hereat at full length.

47. The allegations set forth in paragraph 47 of the Complaint are conclusions of law and require no responsive pleading. Defendants leave the plaintiffs to their proofs at the trial of this action. To the extent that a responsive pleading may be deemed appropriate or required, Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48. The allegations set forth in paragraph 48 are denied insofar as they aver to failure to make payments. With regard to those allegations concerning what the plaintiffs may have reason to believe, the statements are not factual pleadings to which responsive pleadings are required. Defendants leave the Plaintiffs to their proofs at the trial of this action. To the extent responsive pleadings may be deemed necessary, Defendants deny the allegations.

49. The allegations set forth in paragraph 49 of the complaint are denied.

50. Defendants repeat each and every response to the allegations set forth in paragraphs 1 through 49, inclusive, of the Complaint, with the same force and effect as though set forth hereat at full length.

51. The allegations set forth in paragraph 51 of the Complaint are denied.

52. The allegations set forth in paragraph 52 of the Complaint are denied.

53. The allegations set forth in paragraph 53 of the Complaint are denied.

54. The allegations set forth in paragraph 54 of the Complaint are denied.

55. The allegations set forth in paragraph 55 of the Complaint are denied.

56. The allegations set forth in paragraph 56 of the Complaint are denied.

57. Defendants repeat each and every response to the allegations set forth in paragraphs 1 through 56, inclusive, of the Complaint, with the same force and effect as though set forth hereat at full length.

58. The allegations set forth in paragraph 58 of the Complaint are denied.

59. The allegations set forth in paragraph 59 of the Complaint are denied.

60. The allegations set forth in paragraph 60 of the complaint are denied.

61. The allegations set forth in paragraph 61 of the Complaint are denied.

62. The allegations set forth in paragraph 62 of the complaint are denied.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63. Plaintiffs' Complaint seeks monetary damages pleading both contractual and statutory remedies for alleged breaches by the Defendants.

64. Should this Honorable Court determine that the Defendants have violated any provision of a statute or contractual provision requiring the payment of money to the Plaintiffs, both the statutes and contracts define the quantum of monetary damage.

65. A remedy in equity does not lie where a party has an adequate remedy at law.

66. By reason of the foregoing, Plaintiffs' Fifth Claim for Relief, in which Plaintiffs seek injunctive relief, must be dismissed.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

67. Defendants have paid, and the Plaintiffs have accepted all sums of money that are or were due and owing under the contracts and agreements between the Defendants and the Plaintiffs.

68. By reason of the foregoing, Plaintiffs' Complaint must be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

69. Claims for relief as pleaded by the Plaintiffs are barred by the applicable Statute of Limitations.

70. Claims for relief as pleaded by the Plaintiffs are barred by contractual limitations of time within which relief may be sought.

71. By reason of the foregoing, Plaintiffs' Complaint must be dismissed.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

72. The payroll audits conducted by and on behalf of the Plaintiffs were not performed under and according to the requirements set forth in the contracts and agreements between the Mason Tenders District Council of Greater New York and the corporate Defendants.

73. The payroll audits conducted by and on behalf of the Plaintiffs were not performed under and according to the requirements set forth in the AICPA or any other standard professional procedures established for accountants.

74. By reason of the foregoing, Plaintiffs may not recover any portion of the claim in which reimbursement is sought for audit costs and fees.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

75. The payroll audits conducted by and on behalf of the Plaintiffs were not performed under and according to the requirements set forth in the contracts and agreements between the Mason Tenders District Council of Greater New York and the corporate Defendant.

76. The payroll audits conducted by and on behalf of the Plaintiffs were not performed under and according to the requirements set forth in the AICPA or any other standard professional procedures established for accountants.

77. The improper payroll audits conducted by and on behalf of the Plaintiffs is the graverman of this action, in which Plaintiffs seek reimbursement of their attorney's fees.

78. Notwithstanding any term or provision to the contrary that may appear statutorily or contractually, Plaintiffs are not entitled to recover any portion of their attorneys' fees from this action by reason of the fact that their agents improper, incorrect, careless, reckless, and negligent performance of the payroll audits brought about the dispute between the parties, and the instant civil action.

79. By reason of the foregoing, Plaintiffs may not recover any portion of their attorneys' fees in this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

80. The payroll audits conducted by and on behalf of the Plaintiffs improperly and in violation of statutory and contractual provisions included employees who are not within the jurisdiction of the Mason Tenders District Council of Greater New York.

81. Plaintiffs are seeking compensation under statute and contract for work performed by Defendants' employees whose scope of work is outside the definitions of labor over which the Plaintiffs agreements with the Defendants permit the Mason Tenders District Council of Greater New York to collectively bargain, or permit the Plaintiffs herein to serve as fund fiduciaries, or as agents for said workers, either express or implied.

82. By reason of the foregoing, Plaintiffs' Complaint must be dismissed.

WHEREFORE, Defendants, Rocco Romeo d/b/a R & R Environmental, Inc., Rocco Romeo, Rocco Romeo d/b/a American General Contracting, R & R Environmental Contracting, Inc., and Clean Air Environmental, Inc. demand judgment against the Plaintiffs, the Trustees of

the Mason Tenders District Council Welfare Fund, Pension Fund, and Training Fund, dismissing the Complaint of the Plaintiffs.

Dated:  August 12, 2007

                        EMANUELE J. DeSTEFANO, ESQUIRE
                        Attorney for Defendants


By: _____
    Emanuele J. DeStefano (ED 6668)

1196 Arbutus Drive
Tobyhanna, Pennsylvania  18466
(570) 894-3876